Filed 5/10/16  P. v. Herbert CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICE LASHUNDA HERBERT,<br><br>    Defendant and Appellant. | H042608<br>(Monterey County<br>Super. Ct. No. SS143026B) |

Defendant Patrice Lashunda Herbert pleaded no contest to one count of felony embezzlement.  (Pen. Code, § 508.)[1]  She was sentenced to three years in county jail, with imposition of sentence suspended pending successful completion of three years' felony probation, one condition of which was serving 240 days in county jail.  The trial court awarded four days of credit and imposed certain probation conditions, along with various fines and fees, detailed below.  Herbert was further ordered to pay victim restitution in the amount of $15,000 to Target Corporation (Target).

We appointed counsel to represent Herbert in this court.  Appointed counsel filed an opening brief which states the case and the facts, but raises no specific issues.  We notified Herbert of her right to submit written argument in her own behalf within 30 days.  That period has elapsed, and we have received no written argument from Herbert.

---

[1] Unspecified statutory references are to the Penal Code.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

On November 25, 2014, Marina police officers were dispatched to a local Target in response to a report of a possible embezzlement of iPads. In preparation for "Black Friday," this Target received numerous boxes of iPads, but the inventory on hand was significantly less than what the store's records showed had been delivered as well as what had been sold. Each iPad was valued at $500.

Upon reviewing the video surveillance for the morning of November 13, 2014, Target's loss prevention officers observed Herbert and Everette Mitchell, both of whom were Target employees, working the receiving line unloading the shipment. The iPads were shipped in boxes with distinctive labels and each box contained five iPads. Both Herbert and Mitchell were seen taking iPad boxes off the conveyor, but instead of following procedure and placing them in a secure storage container, they placed the boxes on a pallet. Mitchell rolled the pallet into the store. Herbert pushed a shopping cart into the furniture aisle, and took an ottoman from a shelf. While Mitchell acted as a lookout, Herbert placed the boxes of iPads inside the ottoman and put the ottoman back on the shelf.

Later that same day, an unknown male, known to Mitchell and Herbert as "Black," entered the store and approached the two employees. Black placed the ottoman in a shopping cart, and Herbert used her store discount card to purchase the ottoman. She walked out of the store with Mitchell and the merchandise, loaded the ottoman into a vehicle and returned to work.

Loss prevention officers also reviewed video for two other days when the inventory of iPads did not match delivery invoices. Herbert and Mitchell were working the receiving line along with other employees and were again observed diverting boxes of iPads onto a pallet, which was not normal procedure. These pallets were rolled onto the

---

[2] As Herbert pleaded no contest, the facts are taken from the probation report, which derived its information from a report prepared by the Marina Police Department.

store floor by Mitchell and the video later showed Mitchell purchasing a large suitcase which he put in a vehicle in the parking lot. Loss prevention officers believed the missing iPads were inside the suitcase, although they did not see Herbert or Mitchell concealing them.

On November 26, 2014, Target loss prevention staff, assisted by Marina police, detained Mitchell and Herbert and asked them about the diversion of iPads. Herbert admitted she stole a total of five boxes of iPads. She was arrested and, after waiving her *Miranda*[3] rights, provided a statement.

In her statement, Herbert said she was employed with Target for one year. About two or three weeks ago, she was approached by Black who asked her if she wanted to make some money. Black told her to take boxes of iPads from the store, and Herbert admitted she stole a total of 25 iPads from three separate deliveries.

Herbert was charged by complaint with one count of felony embezzlement by an employee. (§ 508.) On April 14, 2015, Herbert entered a plea of no contest and was subsequently sentenced to the upper term of three years in county jail, with imposition of sentence suspended pending successful completion of three years felony probation. As a condition of probation, Herbert was ordered to serve 240 days in county jail, with four days credits, consisting of custody credit of two days plus conduct/work credit of two days.

The trial court imposed fines, fees and assessments including a $300 restitution fine (§ 1202.4),[4] a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court further directed, subject to proof of Herbert's ability to pay, payment of $864 for preparation of the probation report and $81 per month for the cost of supervised probation. Herbert was ordered to pay victim

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

[4] An additional restitution fine in the amount of $300 was imposed, but suspended, pending successful completion of probation.

restitution to Target in the amount of $15,000 and directed "not to knowingly come within 100 yards of the Target store in Marina."

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

## II.    DISPOSITION

The judgment is affirmed.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Márquez, J.